IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                            CR-1-01-55-12

STEVEN MONTGOMERY,

Defendant.

SUPERVISED RELEASE VIOLATION
ORDER

The defendant was sentenced on March 11, 2002 for a violation of Title 21, Section 846 of the United States Code. The defendant was **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS** for a period **of THIRTY (30) MONTHS and following incarceration, a term of SUPERVISED RELEASE of TWO (2) YEARS** with the special conditions of substance abuse assessment and treatment as deemed appropriate at the direction of the Probation Office and payment of a $2,000.00 fine. Additionally, he was ordered to comply with the standard terms and conditions of Supervised Release and pay a special assessment of $100.00. The defendant agreed to a modification of his sentence on September 13, 2004 to include forty hours of community service

A Petition for Warrant or Summons for Offender Under Supervision was filed in this Court and a Summons issued.

2

The defendant appeared with counsel, John T. Keller, Esq. before this Court for a Supervised Release Violation Hearing on January 31, 2005. During the hearing, the defendant admitted the violations. The Court, being fully advised from the Petition, the Violation Report, and the statements made at said hearing, finds the defendant has violated the following Conditions of Supervised Release:

Condition # 7: the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

The defendant has also failed to complete the Community Service (40 hours) agreed to by him and ordered by this Court in its Modification of the Sentencing Order on September 16, 2004.

These violations are Grade C in nature pursuant to the policy statement at U.S.S.G. § 7B1.1(a)(3) because they involve violations of the conditions of supervision.

In accordance with the policy statement at § 7B1.3(a)(2), upon finding a Grade C violation, the Court may (A) revoke Supervised Release; or (B) extend the term of Supervised Release and/or modify the conditions of Supervised Release.

Pursuant to the policy statement at U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon a Grade C violation and the original Criminal History Category of VI, the suggested guideline imprisonment range is 8 to 14 months.

Pursuant to Title 18 U.S.C. § 3583(g), if the defendant as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, the Court shall revoke the supervised release. According to Title 18 U.S.C. § 3583(d), the Court shall consider whether the availability of appropriate substance abuse treatment programs, or past participation in such programs, warrants an exception from this rule. Pursuant to the record established at the sentencing hearing, the Court finds they do not.

3

Pursuant to Title 18 U.S.C. 3583(e)(3), the Court may, after considering the factors set forth in 18 U.S.C. § 3553, revoke the defendant's supervised release. The Court has considered the factors to be considered in imposing a sentence including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The guidance contained in the Sentencing Guidelines is reliable and useful so that disparity in sentencing is minimized.

Pursuant to the policy statement at § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served, in addition to the sanction determined under the policy statement at § 7B1.4. The Court finds that the community service requirement modifying the original sentence will not be reimposed.

Pursuant to Title 18, U.S.C. §§ 3553 and 3585(e)(3), therefore,

**IT IS ORDERED** that defendant Steven Montgomery's Supervised Release be **REVOKED** and the defendant shall be **COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR A TERM OF NINE (9) MONTHS.**

4

The defendant shall pay the balance remaining on the $2,000.00 FINE originally ordered.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: Any balance upon incarceration shall be paid in minimum quarterly installments of $25.00 if defendant is working in a non-UNICOR or grade 5 UNICOR Job, or if working in a grade 1 - 4 UNICOR Job defendant shall pay 50% of defendant's monthly pay during the period of incarceration. Any balance due upon his release shall be due immediately.

The Court recommends the defendant receive substance abuse treatment while incarcerated.

The defendant is remanded to the custody of the United States Marshals.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on February 2, 2005. **Ten calendar days from the filing of the judgment is February 12, 2005.**

5

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior
United States District Judge

2/2/05
Date

J:\DOCUMENT\NEW_JUDGEMENT\2001\01-55-012.SRV.wpd